## SANFORD v. SANFORD.

(Court of Appeals of District of Columbia. Submitted January 14, 1923. Decided February 5, 1923.)

No. 3849.

1. Courts ⬦188(2)—Municipal court does not have jurisdiction over suit against administrator for debt of deceased.

Since Code, § 1091, authorizing an attachment on money or property of defendant in the hands of an executor or administrator, and providing for reduction of the amount of the debt to the amount available to apply on the debt, does not apply to an action against the administrator for a debt of decedent, and there is no statute relating to the municipal

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court similar to Code, §§ 327, 328, authorizing suits against executors and administrators in the Supreme Court, and limiting recovery to the assets available for satisfaction of the claim, Municipal Court Act, § 1, giving the municipal court exclusive jurisdiction in civil cases in which the debt does not exceed $1,000, cannot be construed to give jurisdiction over suits against an administrator for the debt of the decedent, which would result in a judgment for the full amount of the debt.

**2. Statutes ⬄225—Held in pari materia, and to be construed together.**

Section 1 of the Municipal Court Act, giving exclusive jurisdiction to that court over civil suits involving less than $1,000, and Code, §§ 327, 328, giving the Supreme Court jurisdiction over suits against executors and administrators, are in pari materia, and must be construed together.

**3. Statutes ⬄225½—Specific provisions construed as exception to general statute, regardless of priority of enactment.**

General and specific provisions in apparent contradiction, whether in the same or different statutes, and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general, so that Code, §§ 327, 328, giving the Supreme Court jurisdiction over suits against executors and administrators are to be treated as exceptions to Municipal Court Act, § 1, giving that court exclusive jurisdiction over civil actions involving less than $1,000.

Writ of error to the Municipal Court.

Action by Grace G. Sanford against Lola E. Sanford, as administratrix of the estate of Claude B. Sanford, deceased. Defendant's motion to dismiss the case for want of jurisdiction was sustained,. and plaintiff brings error. Affirmed.

Raymond M. Hudson, of Washington, D. C., for plaintiff in error.
Alfred D. Smith and Kate P. Johnson, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. Grace G. Sanford commenced an action in the municipal court against Lola E. Sanford, as administratrix of the estate of Claude B. Sanford, deceased, on a claim in the sum of $200 which she had against the estate. The defendant entered a special appearance for the purpose of attacking the jurisdiction of the court, and moved that the case be dismissed. The motion was sustained, and plaintiff sued out this writ of error.

[1] The act enlarging the jurisdiction of the municipal court (41 Stat. 1310, § 1) says that it "shall have exclusive jurisdiction in * * * civil cases in which the * * * debt * * * claimed, exclusive of interest and costs, does not exceed $1,000." Relying on this, the plaintiff in error·contends that the court erred in dismissing her action. Taken literally, and considered by itself, the section warrants the contention. But it cannot be so taken. Suppose the plaintiff secured a judgment for the amount of her claim. She would be entitled to have it satisfied in full, even though there were not sufficient assets to liquidate the claims of other creditors against the estate, unless there be a statute providing otherwise. If there be no such stat-

ute she would obtain a preference, and this would be unfair. Is there a statute of the purport mentioned?

Code, § 1091, provides that an attachment after judgment may be levied upon money or property of the defendant in the hands of an executor or administrator, and if the latter shall make return that he cannot certainly answer whether the defendant's share of the money or property in his hands will prove sufficient to pay the plaintiff's debt, no judgment of condemnation shall be rendered as against such executor or administrator until the passage by the orphans' court of his final or other account showing money or property in his hands to which the defendant is entitled. The defendant referred to is one who has a right to money in the hands of an administrator or executor of an estate which is subject to a judgment against him. Here the administratrix has no money in her hands "belonging to the defendant." The section, therefore, does not apply. Nor is there any other which gives the municipal court authority to enter judgment for less than the amount found due, or to satisfy a judgment for less than it calls for.

We now turn to sections 327 and 328 of the Code. The former says that executors and administrators shall be liable to be sued in the Supreme Court of the District in any action at law or in equity which might have been maintained against the deceased; and section 328 declares that, if the verdict of a jury in any such case be against an executor or administrator, and the debt be one which the deceased should have paid if he were alive, the court shall assess the sum which the executor or administrator ought to pay, regard being had to the amount of assets in his hands and the debts due to other persons, and if it shall appear that there are not sufficient assets to discharge all just claims the judgment shall be for such sum only as bears a just proportion to the amount of debt or damages and costs. This section also provides that in no case shall the court pass judgment against an executor or administrator until the time limited by law for him to pass his account shall have expired. It is also enjoined therein that, in case a judgment shall be for a sum inferior to the real debt and costs, it shall so state, and that the court at any time afterwards, when applied to by the plaintiff, may on due notice assess and give judgment for such further proportional sum as the plaintiff shall appear entitled to, and on any judgment passed as aforesaid a fieri facias may issue against the defendant, and either his goods or the goods of the deceased may be thereupon taken and sold, and it shall be the duty of the executor or administrator to discharge the judgment or put it on a footing with other just claims, and on failure his bond may be put in suit by the plaintiff. Thus it appears (a) that executors and administrators shall be liable to be sued in the Supreme Court of the District; and (b) that provision is made for dealing with claims against them so that no preference shall result or injustice be done, a thing which is not provided for in the Municipal Court Act.

[2, 3] Section 1 of that act and sections 327 and 328 of the Code are in pari materia. As such they must be construed together. United States v. Freeman, 3 How. 556, 11 L. Ed. 724; United States v. Babbit, 1 Black. 55, 17 L. Ed. 94. Section 1 is general in its terms; the

others are special. The one deals with claims generally involving $1,000 or less, while the others deal with claims against the estates of decedents. It is a fundamental rule that general and specific provisions in apparent contradiction, whether in the same or different statutes, and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general. Townsend v. Little, 109 U. S. 504, 512, 3 Sup. Ct. 357, 27 L. Ed. 1012; Washington v. Miller, 235 U. S. 422, 428, 35 Sup. Ct. 119, 59 L. Ed. 295; United States v. Chase, 135 U. S. 255, 260, 10 Sup. Ct. 756, 34 L. Ed. 117; Tri-State Motor Corporation v. Standard Steel Car Co., 51 App. D. C. 109, 276 Fed. 631, 633. Here the cases covered by sections 327 and 328 are to be treated as exceptions to those coming within the purview of section 1 of the Municipal Court Act. Hence the conclusion must be that jurisdiction of claims such as the one here involved is vested exclusively in the Supreme Court of the District, and that the municipal court has no jurisdiction over them.

It follows that the judgment of the lower court is right, and it is affirmed, with costs.

Affirmed.