**FRANK v. MALONE.**

No. 7850.

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1942.

Decided March 23, 1942.

Mr. Kahl K. Spriggs, with whom Mr. Woodson P. Houghton was on the brief, both of Washington, D. C., for appellant.

Mr. Warren E. Miller, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

On appellant's affidavit that he had a good cause of action for $490.10 and

interest on an unpaid foreign judgment against appellee, a non-resident, the Municipal Court on October 24, 1940, issued a writ of attachment before judgment upon his property. Notice of garnishment was directed to appellee himself, as executor of the estate of Thomas W. Malone, deceased, and to Warren E. Miller, attorney for appellee as such executor. On December 3, 1940, another such attachment was issued, with notice of garnishment directed to Security Savings & Commercial Bank, in which the executor apparently had estate funds on deposit in the name of his attorney. The writs were served. Appellee thereupon moved specially, in his individual capacity and not as executor, to quash the writs on the ground, among others, that the attached property was part of an estate in process of administration by the District Court of the United States for the District of Columbia, and that the Municipal Court lacked jurisdiction. The Municipal Court granted the motions and quashed the attachments. Since that order prevented appellant from proceeding further,[1] it was a final order. We allowed this appeal.

■■■ The District of Columbia Code authorizes attachment before judgment against a non-resident defendant,[2] and attachment upon the money or property of a defendant in the hands of an executor.[3]

We interpret this as including money or property in the hands of an agent or custodian of an executor.[4] The Code makes express provision for garnishment.[5] All these provisions are applicable in the Municipal Court.[6] The Code gives that court exclusive jurisdiction over various classes of actions, including "proceedings by attachment," that involve $1,000 or less.[7] It follows that the Municipal Court had jurisdiction to issue these writs.

■■■ It is true that the District Court has exclusive jurisdiction of suits against an executor on claims against the estate.[8] But an attachment or garnishment directed to an executor, in connection with an action against a third party who claims an interest in the estate, is not a suit against the executor. The interests of other persons in the estate, and the exclusive jurisdiction of the District Court in probate proceedings, are fully protected by the provision of the Code that, if the executor is in doubt whether the defendant's share of the estate will prove sufficient to pay the plaintiff's debt, no "judgment of condemnation" shall be rendered against the executor "until the passage by the probate court of his final or other account showing money or property in his hands to which the defendant is entitled."[9]

Reversed.

---

[1] Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565.

[2] D.C.Code (1940), § 16-301.

[3] § 16-313.

[4] Cf. Washington Loan & Trust Co. v. Susquehanna Coal Co., 26 App.D.C. 149.

[5] §§ 16-312, 16-333.

[6] § 11-733.

[7] § 11-703.

[8] § 20-501. Sanford v. Sanford, 52 App.D.C. 315, 286 F. 777.

[9] § 16-313. Cf. § 16-312.