Lantz Brothers (Partnership), Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 112452.   Promulgated October 12, 1945.

*E. W. Wallick, Esq.*, for the petitioner.
*Lawrence R. Bloomenthal, Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge*: This proceeding involves the determination by the respondent of a deficiency of $1,513.29 in unjust enrichment tax against Lantz Brothers, a partnership, for the taxable period April 1, 1935, to and including January 6, 1936. The petitioner claims an overpayment in the amount of $1,687.44.

The principal issue for determination is whether the petitioner is liable for unjust enrichment taxes in its capacity as a partnership. Secondary issues are: (1) Whether the determination is barred by the statute of limitations and (2) whether, in the event the principal issue is decided in favor of the respondent, the petitioner is entitled to credit for an allowance of reasonable compensation to the partners.

The case originally came on for hearing before the Tax Court on March 9 and 12, 1943. No evidence was introduced on behalf of the petitioner and on March 17, 1943, the proceedings were ordered dismissed for lack of prosecution. Upon appeal to the United States Circuit Court of Appeals for the Sixth Circuit, our order was vacated and the case remanded for hearing on the merits (*Lantz Brothers* v. *Commissioner*, 139 Fed. (2d) 192).

The following facts, summarized for convenience, were stipulated by the parties at the hearing held pursuant to the court's mandate, or are otherwise adduced from the pleadings:

The petitioner is a partnership, with its principal office and place of business located at 19–23 East Fifth Street, Mansfield, Ohio. At all times herein material the members of the petitioner have been H. W. Lantz and J. A. Lantz. During the times herein material the petitioner was engaged in the milling and sale of flour and related products.

The petitioner filed a "partnership return of income" on Form 1065 for the taxable year April 1, 1935, to March 31, 1936, with the collector of internal revenue at Cleveland, Ohio. No taxes were ever assessed or paid upon the basis of said return.

On March 13, 1937, the petitioner filed with the collector of internal revenue at Cleveland, Ohio, a "return of tax on unjust enrichment"

on Form 945 for the taxable year begun April 1, 1935, and ended January 6, 1936. The return disclosed a tax of $5,672.66.

On June 23, 1937, the petitioner filed with the collector of internal revenue at Cleveland, Ohio, a "return of tax on unjust enrichment" for the taxable year begun April 1, 1935, and ended January 6, 1936. The return was captioned "amended return" and showed a tax due of $1,687.46.

The petitioner has paid unjust enrichment taxes to the collector of internal revenue at Cleveland, Ohio, in the amounts set forth opposite the respective dates shown below:

| | | |
|---|---|---|
| June 30, 1937_____ | $421. 86 Mar. 21, 1938_____ | *$421. 86 |
| Sept. 20, 1937_____ | 421. 86 Mar. 21, 1938_____ | 53. 46 |
| Dec. 20, 1937_____ | 421. 86 Mar. 21, 1938_____ | 1. 39 |
| | Total _____ | 1, 742. 31 |

*The petitioner in its brief asserts that the correct amount is $421.88.

The balance of the assessment of $5,672.66 unjust enrichment taxes assessed on the basis of the original return filed by the petitioner was abated.

On December 10, 1939, the petitioner filed with the collector of internal revenue at Cleveland a claim for refund of unjust enrichment taxes in the amount of $1,687.44 paid by the petitioner for the fiscal year ended March 31, 1936. This claim was not officially rejected by the respondent prior to the filing of the petition herein and had not been so rejected up to the date of the hearing.

A salary of $2,500 was accrued on the petitioner's books of account in favor of each of the two members of the partnership, J. A. Lantz and H. W. Lantz, or a total of $5,000 for both, for services rendered for and on behalf of the petitioner for the fiscal year ended March 31, 1936. For the purposes of this proceeding, the respondent does not question the reasonableness of the compensation so accrued.

If the Tax Court should find that the partnership, as such, is liable for unjust enrichment tax for the period involved herein, then the petitioner concedes that the determination of income subject to unjust enrichment tax, in the amount of $4,002.68, as set forth in line 3 of schedule 1 of the notice of deficiency, is correct, but reserves the right to contend that said agreed amount of taxable net income should be reduced by an allowance for compensation for partners' services. In the event the Tax Court should find that the total taxable net income subject to unjust enrichment tax, as determined in line 3 of schedule 1 of the notice of deficiency, is not subject to reduction or diminution by reason of an allowance of compensation to the respective partners, then the amount of $1,513.29, deficiency in unjust enrichment tax as

set forth in the notice of deficiency, is correct and that judgment may be entered by the Tax Court accordingly.

The principal issue before us presents a clear-cut question of law. There is no dispute as to the facts. The problem for our determination is whether a partnership is taxable as an entity for the purposes of the unjust enrichment tax, Title III of the Revenue Act of 1936. The respondent has determined that the petitioner, a partnership, is so taxable. The petitioner, by appropriate assignment of error, contests this determination.

The provisions of law imposing a tax on unjust enrichment are found in the Revenue Act of 1936, hereinafter sometimes called the act, sections 501, *et seq.* Section 501 of the act provides, in part, as follows:

SEC. 501. TAX ON NET INCOME FROM CERTAIN SOURCES.

(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

The respondent contends that the petitioner is a "person" within the meaning of section 501 and is liable for tax thereunder. He relies upon section 1001 of the act, which provides, in material part, as follows:

SEC. 1001. DEFINITIONS.

(a) When used in this Act—

·(1) The term "person" means an individual, a trust or estate, a partnership, or a corporation.

He thus argues that, since section 1001 defines a "person" as including a partnership and that since section 501 imposes a tax upon the net income of every "person" arising from the sources therein specified, the deficiency has been properly asserted against the petitioner, a partnership.

Section 1001, upon which the respondent relies, appears under Title VIII of the act, captioned "GENERAL PROVISIONS." The section defines the terms used elsewhere in the act. Such a section was not new with the Revenue Act of 1936. A similar provision, as far as we are here concerned, has appeared in the revenue acts since as early as 1921. It is a general provision, having no relation to any other specific section in the act, but one which defines the terms used throughout the act. There can be little doubt that, since it defines the term "person" as including a partnership, it lends considerable weight to the respondent's argument.

The petitioner contends, however, that the proposed deficiency can not be sustained because the act specifically provides that a partnership shall not be taxed. It relies upon two sections of the act in sup-

port of its contention: Section 503 (a),[1] which provides that, with certain exceptions not here material, all provisions of law applicable with respect to taxes imposed by Title I of the act shall, in so far as not inconsistent with the provisions of Title III, be applicable with respect to the tax imposed by the latter title; and section 181[2] of the act, which provides that individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. The petitioner argues that for the purpose of the income tax the statute specifically provides that a partnership shall not be taxed and that this also applies to the unjust enrichment tax, which is denominated an additional income tax in the act.

We are much impressed by the petitioner's contention. Section 503 (a) of the act provides that all provisions of law relating to tax imposed by Title I of the act (income tax) shall also be applicable with respect to tax imposed by Title III of the act (unjust enrichment tax). Certain exceptions are provided, none of which, however, are material to the present controversy.

Turning to Title I of the act, we find the specific provision embodied in section 181 that individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. Under the terms of section 503 (a) this provision is thus made applicable to the unjust enrichment tax.

These provisions, standing alone, would seem to be sufficient to support the petitioner's contention. However, they appear to conflict with the general provisions relied upon by the respondent. If such a conflict exists, we are nevertheless of the opinion that, under well established rules of statutory construction, the specific provisions cited by the petitioner must prevail. "It is a fundamental rule that general and specific provisions in apparent contradiction, whether in the same or different statutes, and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general." *Sanford* v. *Sanford*, 286 Fed. 777.

A further reason for sustaining the petitioner, we think, is found in the long established policy of Congress not to consider a partnership an entity for purposes of Federal income taxation. With one exception, provisions similar to section 181 of the Act of 1936 have been contained in all the revenue acts since the Revenue Act of 1913.

---

[1] SEC. 503. ADMINISTRATIVE PROVISIONS.

(a) All provisions of law (including penalties) applicable with respect to taxes imposed by Title I of this Act, shall, insofar as not inconsistent with this title, be applicable with respect to the taxes imposed by this title, except that the provisions of sections 101, 131, 251, and 252 shall not be applicable.

[2] SEC. 181. PARTNERSHIP NOT TAXABLE.

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.

The status of a partnership under the 1913 Act was defined in *United States* v. *Coulby*, 251 Fed. 982, in which the court said:

This law, therefore, ignores for taxing purposes, the existence of a partnership. The law is so framed as to deal with the gains and profits of a partnership as if they were the gains and profits of the individual partner. * * * The law looks through the fiction of a partnership and treats its profits and earnings as those of the individual taxpayer. Unlike a corporation, a partnership has no legal existence aside from the members who compose it. The Congress, consequently, it would seem, ignored, for taxing purposes, a partnership's existence, and placed the individual partner's share in its gains and profits on the same footing as if its income had been received directly by him without the intervention of a partnership name.

See also *J. H. Goadby Mills*, 3 B. T. A. 1245, wherein the Board commented upon a similar provision in the Revenue Act of 1918 in the following language:

In the enactment of section 218 (a) Congress ignored for taxing purposes the existence of the partnership and framed the law so as to treat the gains and profits of the partnership as if they were gains and profits of the individual partners. Unlike a corporation, a partnership has no legal existence aside from the members who compose it; consequently, in order that the profits of the partnership might not escape taxation, Congress provided that its income should be taxed to the individual partners, the same as if they had received it direct without the intervention of the partnership.

The exception to this policy above referred to is found in the Revenue Act of 1917. The 1917 Excess Profits Tax Act (1917 Act, sec. 201) specifically imposed the tax on partnerships as well as corporations. However, the Revenue Act of 1918 reestablished the general rule. A like provision has regularly appeared in subsequent revenue acts and in the Internal Revenue Code. See section 218 (a) of the Revenue Acts of 1921, 1924, and 1926; section 181 of the Revenue Acts of 1932, 1934, 1936, and 1938; and section 181 of the Internal Revenue Code.

The unjust enrichment tax is stated to be an additional income tax and in the absence of more express language, such as appeared in the Act of 1917, we are loath to say that it was the intent of Congress that partnerships and their members should be placed on a different basis for the purposes of this tax than for other income taxes. The rule expressed by the Supreme Court in *United States* v. *American Trucking Associations, Inc.*, 310 U. S. 534, is particularly apposite to the present situation. There the Court said:

A few words of general connotation appearing in the text of statutes, should not be given a wide meaning, contrary to a settled policy, "except as a different purpose is plainly shown."

As we have shown above, no such intent is discernible here. This view, we think, is further buttressed by the language of section 502 of the act, which provides as follows:

SEC. 502. CREDIT FOR OTHER TAXES ON INCOME.

There shall be credited against the total amount of the taxes imposed by this title an amount equivalent to the excess of—

(a) The amount of the other Federal income and excess-profits taxes payable by the taxpayer for the taxable year, over

(b) The amount of the other Federal income and excess-profits taxes which would have been payable by the taxpayer for the taxable year if his net income were decreased by the amount of net income taxable under this title.

Manifestly, if the respondent's position were accepted, a partnership would be placed at a definite disadvantage compared with other taxpayers, since it is liable for no other income taxes and hence would be deprived of the credit allowed by the section above quoted. In the absence of more positive evidence, we decline to ascribe such an intent to the framers of the act.

We note with interest that the respondent apparently has altered his original position with respect to the liability of partnerships for unjust enrichment taxes. On the return of tax for unjust enrichment (Form 945) the following instructions appear for the preparation and filing of returns on behalf of a partnership:

Under section 181 of the Revenue Act of 1936, individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. The partnership should make a return of information on this form showing the income under item 4, page 1 of the return, and attach a schedule showing the distributable share of each partner. Each partner should make a return on this form, in which is reported his distributable share of the partnership net income and the computation of the tax thereon.

These instructions offer a simple and, we believe, the correct procedure, for computing the tax under the statute.

We therefore hold that a partnership is not liable as an entity for unjust enrichment taxes and that the respondent erred in his determination.

In view of our decision it is unnecessary to consider the other contentions of the petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HARRON, *J.*, concurring: There has long been a provision in each of the revenue acts under the heading "Partnership not Taxable," section 181 of the Revenue Act of 1936, and of the Internal Revenue Code.

The income from a business carried on in partnership is taxable to the individuals conducting the business. The partnership is required to make an income tax return. Sec. 187. The tax is assessed against the individual members of the partnership. That which is stated in the majortiy opinion constitutes a review of established principles and procedures.

Under section 503 of the Revenue Act of 1936, "Administrative Provisions," the filing of a return of tax on unjust enrichment by a partnership would appear to be controlled by section 187. Form 945, as has been pointed out in the majority opinion, contains instructions for the filing of that form, and there is a particular reference to "Partnership" and to section 181 of the Revenue Act of 1936. Thus, for the taxable year involved, Form 945 contained an administrative direction to guide those carrying on a business in partnership, and the direction stated that:

The partnership should make a return of information on this form showing the income under item 4, page 1 of the return, and attach a schedule showing the distributable share of each partner. Each partner should make a return on this form, in which is reported his distributable share of the partnership net income and the computation of the tax thereon.

The above quotation from Form 945 is not referred to in the respondent's brief in this proceeding, nor does he give any explanation for his position in this proceeding which is at variance with the instructions given for the guidance of partnerships in filling out Form 945 which were in effect in the taxable year. This leads the majority to observe that "the respondent apparently has altered his original position." However, respondent fails to give any explanation for his apparent change in his procedure.

I believe that it was not intended, in the course of the Commissioner's administrative audit of the items involved in this proceeding, that the determination which was made relating to this petitioner would or should be considered apart from two other determinations relating to the individual partners' liability for the tax. There are circumstances present here which suggest that this cause comes before us now for redetermination as the last step in a series of errors. If that is so, one may be inclined to believe that respondent found himself in a position in this proceeding of having to stand his ground for special reasons, and, perhaps, respondent, in his general administrative procedures, has not departed from the views expressed by the directions set forth in Form 945.

Respondent sent a notice of deficiency in unjust enrichment tax liability to each of the partners of Lantz Bros., H. W. and J. A. Lantz, in which it is stated, "The net income of the partnership is treated as taxable to the individual members of the partnership in accordance

with sections 181 and 182 of the Revenue Act of 1936, and the instructions appearing on page 10 of Form 945, relative to partnerships." H. W. Lantz and J. A. Lantz filed petitions with this Court for redetermination of the deficiencies determined against them. Thereafter, all three petitions, including the one filed by this petitioner, were placed upon the same circuit calendar for trial. When the three cases were called, the petitioners were not ready to proceed and dismissal for failure to prosecute was ordered, but a problem then arose about duplication of the same deficiencies against the two individuals, the members of the partnership. Respondent withdrew the determinations of deficiencies against H. W. and J. A. Lantz, and moved for judgment as to the liability of the partnership, Lantz Bros., this petitioner. An order of decision was entered in this proceeding which determined that there was a deficiency owing by petitioner in the amount of $1,513.29. Petitioner took an appeal to the Circuit Court of Appeals for the Sixth Circuit, which vacated this Court's order in this cause and remanded this cause for a hearing on the merits. *Lantz Bros.* v. *Commissioner*, 139 Fed. (2d) 192. Accordingly, this cause came on for hearing on the merits, but the companion cases of H. W. and J. A. Lantz could not be considered. They had been settled, apparently, by respondent's action in his withdrawal of his determinations. This Court had entered an order of dismissal and of no deficiency in each of those two proceedings, and appeals were not taken from those orders. The orders of this Court in those cases, of course, were not vacated.

Under these circumstances, the cases of the individual members of the partnership, Lantz Bros., do not come before us for consideration along with this proceeding, and respondent is put in the position of being unable to argue in his brief in this proceeding the alternative question which is inherent, namely, whether H. W. and J. A. Lantz are liable, individually, for the deficiency in unjust enrichment tax, which tax falls upon the income which was earned by the business which they carried on in partnership. Indeed, it must be said that respondent's brief presents a very weak argument, directed, as it must be, only to the question which originated out of one of the three related determinations as set forth in the three notices of deficiency, which were issued simultaneously.

I concur with the majority, and give the background of this proceeding for whatever light it may throw upon the controversy. I am of the opinion that we are called upon to restate well established principles of tax law because of a series of missteps, rather than because respondent has changed his views in the matter of the liability of the individual members of the partnership for the unjust enrichment tax.

SMITH, *J.*, agrees with the above.