OPINION. OppeR, Judge: There was a period during which the processing tax on hogs was in effect but was not paid with respect to the slaughtering of hogs sold by petitioners. It can accordingly be presumed that in an economic sense there may have been an unjust enrichment. But we are confronted with the application of a specific statute, and the unjust enrichment tax must be grounded on it. Margaret W. Galbreath Hendrickson, 4 T. C. 231. The tax determined by respondent under the statute (Revenue Act of 1936, sec. 501 (a)) must be on petitioners’ net income from “(1) * * * the sale of articles with respect to which a Federal excise tax was imposed on such person [petitioner] but not paid which is attributable to shifting to others to any extent the burden of such Federal excise tax and which does not exceed such person’s net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed,” or “ (2) * * * from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.” Respondent contends only that the tax is supported by reference to (2) above, and perhaps to strengthen his position in the refund cases above mentioned and present a consistent position there (i. e., that petitioners were not processors of hogs subject to a processing tax under the provisions of the Agricultural Adjustment Act, and that this Court is without jurisdiction), places no reliance upon (1). He stipulates that the tax was not imposed on petitioners but on Empire, the actual slaughterer. Cf. Dependable Packing Co., 1 T. C. 861. Empire fills the position of “vendor” under section 501 (a) (2),[2] but, in addition, the statute requires that the price, including the Federal excise tax, must have been paid to this vendor and that reimbursement of amounts representing such excise tax must have been received from it. The facts as found disclose that petitioners made no payments to Empire, and they accrued nothing on their books of account other than the fee for slaughtering, which admittedly was not large enough to include the processing tax. The processing tax returns were filed by and in the name of petitioners, and they did not purport to recognize, and the payments made did not and did not purport to discharge, any tax liability on the part of Empire. Cf. Dependable Packing Co., supra. Confusion might appear to arise from the arrangement whereby petitioners, during the time when the processing tax was in force, had no bank accounts of their own, but had all their receipts deposited by and with those of Empire, which also made all disbursements for petitioners. But such confusion is resolved by the showing that Empire and petitioners maintained their respective independence. The facts establish the existence of. an agency; and funds held in Empire’s account were none the less petitioners’. Petitioners were the ones who actually paid the excise tax direct to the collector, in so far as such payments were made at all. Cf. Dependable Packing Co., supra. They are in an even stronger position than the taxpayer in Smith Packing Co., 42 B. T. A. 1054, where the processing tax was held by an escrow agent until liability therefor was determined, and it was held that repayment thereof to the taxpayer in 19B6 did not represent a reimbursement from the processor (vendor) within the meaning of section 501 (a) (2). Absent the “payment,” it is likewise difficult to envisage a “reimbursement,” also called for by section 501 (a) (2). The foregoing conclusion also eliminates other questions argued by the parties, although to observe technicalities, Docket No. 97, involving the partnership, should be and is dismissed on authority of Lantz Brothers, 5 T. C. 896. In the remaining dockets, Decisions will be entered for the petitioners. United States Sugar Corporation, 2 T. C. 863 ; affd. (C. C. A., 5th Cir.), 143 Fed. (2d) 650 ; and Revenue Act of 1936, sec. 601 (k).