**KULIGOWSKI et al. v. HART.**

No. 20689.

District Court, N. D. Ohio, E. D.

March 25, 1941.

Marvin C. Harrison and Homer H. Marshman, of Harrison & Marshman, all of Cleveland, Ohio, for plaintiffs.

Robert H. Jamison, of Cleveland, Ohio, for defendant.

JONES, District Judge.

■ In an action filed in the Court of Common Pleas for Cuyahoga County, Ohio, the plaintiffs seek to recover on behalf of themselves, and other employees of the defendant, overtime compensation as provided by the Federal Fair Labor Standards Act. 29 U.S.C.A. § 216. The defendant has removed the case here on the ground that it arises under the Constitution and laws of the United States; that it involves a substantial Federal question; and, that the sum in dispute exceeds the jurisdictional amount. The plaintiffs have filed a motion to remand. The case, as made in the plaintiffs' petition, does not, as I see it, involve more than fact questions; does not present a Federal question calling for a construction of the Federal statute; nor is it a cause, the decision of which depends upon the construction of the Federal statute under which the action was brought. Gully, etc., v. First National Bank, 299 U.S. 109, 114, 57 S.Ct. 96, 81 L.Ed. 70. Under these circumstances, my response to the motion to remand briefly will be stated.

■ It would be a vain thing for Congress to provide that such actions as this could be maintained in any court of competent jurisdiction, only to permit the action so commenced to be removed to the Federal Court. Not every case which could have been commenced originally in the Federal Court can be removed from the State Court; although every case, to be removable, must be one which could have been originally commenced in the Federal Court. Congressional provision for maintaining an action to enforce a right given by Federal statute in any court of competent jurisdiction, and the facts of this case as alleged in the petition, effectively foreclose the right of removal on the grounds relied upon here. If this is not so, the language of the statute is meaningless.

■ Furthermore the case, on the record, involves not the construction of a Federal statute, but it is an action to enforce a right given by a Federal statute, and for the prosecution of the right to a remedy the Congress has provided that the employee may maintain an action in any court of competent jurisdiction, and Common Pleas courts are such courts. It must be conceded that Congress may extend such privilege in respect of Federal rights and their enforcement to other than Federal courts, and I think it has done so in the Federal Fair Labor Standards Act.

■ Since all jurisdiction of the District Courts arises out of Congressional grant, so the Congress may modify or withdraw jurisdiction. To the extent that it has given the right to employees to maintain actions in other courts of com-

petent jurisdiction, it seems reasonable to conclude that it intended to give the employee the choice of jurisdiction, not the employer.

Motion to remand sustained.