## WINGATE v. GENERAL AUTO PARTS CO.
### No. 912.

District Court, W. D. Missouri, W. D.

Aug. 5, 1941.

Perry M. Cortner and Earl Dietz, both of Kansas City, Mo., for plaintiff.

Bowersock, Fizzell & Rhodes, of Kansas City, Mo., for defendant.

OTIS, District Judge.

This case was removed from the state court upon the petition of the defendant. Plaintiff in that court, it was a justice of the peace court in Jackson County, Missouri, had brought suit against the defendant under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for the amount of $271.86 as claimed compensation due him, for a penalty in the same amount, and for an attorney's fee, the total prayed for being far less than $3,000. In this court the plaintiff has filed a motion to remand.

This is a case which arises under one of the laws of the United States. Section 41 of Title 28, U.S.C.A., provides that the United States courts shall have jurisdiction of civil suits at law or in equity arising under the laws of the United States, provided more than $3,000 is involved. It is further provided, however, in Section 41, that the rule touching the amount which must be involved shall not be construed to apply to a case where the suit arises under any law regulating commerce. There is no question whatever but that the Fair Labor Standards Act is a law regulating commerce.

If there were nothing other than what I have so far called attention to, I think there could be little doubt that a motion to remand should not be sustained. Certainly there cannot be any doubt but that this is a case of which the district court might have had original jurisdiction if the case had been filed in this court. Such has been the holding indeed of several of the courts which have passed upon the question as to whether the district court does have original jurisdiction of a case of this character, even although the amount involved is less than $3,000. I make particular reference here to a decision called to my attention by counsel, a decision of

the Court of Appeals for the Sixth Circuit, Robertson v. Argus Hosiery Mills, Inc., 6 Cir., 121 F.2d 285, decided June 25, 1941.

■■ There is, however, more in the law than that to which I have called attention. The Fair Labor Standards Act itself, and I do not need to say that that act was passed subsequently to all of the provisions of the law I have heretofore referred to, the Fair Labor Standards Act itself provides that "Action to recover such liability [liability under the act] may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated * * *." Section 216(b)

No opinion has been called to my attention, and I doubt if there is any such opinion, which holds that the phrase "any court of competent jurisdiction," used in the language I have just quoted, does not include a state court. I am very certain it does include a state court. I think it is absurd to believe that Congress, legislating on behalf of employees and laborers, whose demands almost always would be for less than $3,000, intended that they should not have a remedy under this act in those courts which were accessible to them. All of the tendencies of labor legislation have been to make available the remedies provided to those for whom the remedies were designed. The amounts involved usually are small. The places in which federal courts are held are few. They are only to be found in the larger cities. If it was not intended that state courts should have jurisdiction of these cases, then Congress made this act of slight value to working men, who might easily bring suit in a justice court or other state court in the neighborhood in which they live, but who, if they had to go to some distant city to prosecute the case, would, in effect, be prohibited from seeking any remedy. It was on account of such reasons that the language, "any court of competent jurisdiction," was used.

As I have understood learned counsel speaking here for defendant, he agrees that the state court is "a court of competent jurisdiction" within the meaning of this statute, but he says so also is a state court a court of competent jurisdiction in connection with any removable suit for damages for personal injuries. What he

has overlooked, I think, is the provision of this statute, not only that a state court is a court of competent jurisdiction to hear suits arising under this act, but also that any action to recover liability under the act may be maintained in any court of competent jurisdiction, that is to say, it is not a removable case. It would have been a removable case under the general law before the enactment of the Fair Labor Standards Act and if the Fair Labor Standards Act did not make specific provision touching the matter, a provision which, being the last enactment of Congress on the subject, prevails. It was the purpose of Congress that a suit under this statute might be maintained in any state court.

I think it would be regrettable if this statute should be so interpreted, unless that interpretation is necessary, as that those who are entitled to relief under this act cannot obtain it practicably or so that the courts of the United States should be suddenly burdened with suits for trifling amounts which could just as well be maintained in other courts.

I think the motion to remand should be sustained. It is sustained. An exception is allowed defendant.