APPLE v. SHULMAN PUBLICATIONS, Inc.

No. 3161.

District Court, D. New Jersey.

Dec. 30, 1943.

Samuel A. Wiener, of Paterson, N. J., for plaintiff.

Peter Cohn, of Paterson, N. J., for defendant.

SMITH, District Judge.

This is a civil action under Section 16 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216, to recover unpaid minimum wages and overtime compensation. The plaintiff and defendant are residents of the State of New Jersey. The action was brought in the Court of Common Pleas, from which it was removed on the petition of the defendant. It is here asserted by the defendant, but controverted by the plaintiff, that the action is removable under Section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71.

The defendant, conceding the jurisdiction of the Court of Common Pleas, contends that the action is removable. The plaintiff, conceding the jurisdiction of this court, contends that the action is not removable. The narrow question as thus presented has led to a sharp divergence of opinion among the district judges, and support may be found for either contention. We are inclined to follow the opinion of the majority.

The provisions of the Fair Labor Standards Act of 1938 are comprehensive; they define minimum labor standards and establish adequate remedies for their enforcement. When the Act is read and considered in its entirety, it seems reasonably clear that these remedies are exclusive and are not subject to exception. Section 216 (b) of the Act grants to the aggrieved employee a right to maintain an action for unpaid minimum wages and overtime compensation "in any court of competent jurisdiction." This right to "maintain" the action includes not only the right to initiate it but the right to prosecute it to final judgment. Any other construction would

nullify the statutory provision and defeat the right therein reserved to the employee.

█ It is our opinion that the right of the employee to maintain his action "in any court of competent jurisdiction" may not be defeated at the election of his employer by resort to Section 28 of the Judicial Code, as amended, supra. Fredman v. Foley Bros., Inc., D.C., 50 F.Supp. 161; Booth v. Montgomery Ward & Co., D.C., 44 F.Supp. 451; Kuligowski v. Hart, D.C., 43 F.Supp. 207; Phillips v. Pucci, D.C., 43 F.Supp. 253; Wingate v. General Auto Parts Co., D.C., 40 F.Supp. 364; Stewart v. Hickman, D.C., 36 F.Supp. 861; Contra, Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285; Owens v. Greenville News-Piedmont, D.C., 43 F. Supp. 785. The general provisions of the Judicial Code must yield to the special provisions of the Fair Labor Standards Act, and, to the extent of their apparent contradiction, the latter must be regarded as exceptions to the former. Wingate v. General Auto Parts Co., supra; Sanford v. Sanford, 52 App.D.C. 315, 286 F. 777; Jackson v. Cravens, 5 Cir., 238 F. 117.

█ The arguments advanced by the defendant in support of its contention are adequately answered in the opinion of Judge Delehant in the case of Booth v. Montgomery Ward & Co., supra. We are in complete accord with the conclusions and supporting reasons therein expressed.

This case will be remanded to the Court of Common Pleas, from which it was removed.