## KOSKALA v. BUTLER BROS.
### Civil Action No. 610.

District Court, D. Minnesota,
Fifth Division.
April 16, 1946.

C. A. Ryan (of Ryan, Ryan & Ryan), of Brainerd, Minn., for plaintiff.

E. G. Vaughan (of Doherty, Rumble, Butler, Sullivan & Mitchell), of St. Paul, Minn., for defendant.

DONOVAN, District Court.

This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The suit was commenced in the District Court for the Fifteenth Judicial District, Crow Wing County, Minnesota. Defendant moved to transfer the case to the United States District Court for the District of Minnesota, Fifth Division. This motion was denied. Defendant filed certified copies of the essential papers on file in the State Court with the Clerk of this Court, at Duluth, Minnesota.

It is manifest that the courts are disagreed as to whether or not motions such as plaintiff's should be granted or denied, under the circumstances here existing. Plaintiff has produced authority which amply supports his contention. Defendant has produced authority to the contrary. The Eighth Circuit Court of Appeals has not ruled on the matter as yet. The able briefs of counsel indicate clearly that the matter has not come to the attention of the United States Supreme Court.

There being a dispute among the United States District Courts with reference to the matter with which we are here concerned, I feel that the well-reasoned decision of Judge Joyce in the recent case of Sonnesyn v. Federal Cartridge Co., D.C., 54 F.Supp. 29, should be followed and adhered to.

The conclusion reached by Judge Joyce in the Sonnesyn case appears to have been

followed by the District Court of Ramsey County, Second Judicial District of Minnesota in the case (unreported) entitled McClain v. Federal Cartridge Company. Judge Kenneth Brill granted defendant's motion to transfer from the Ramsey County District Court to this Court. Plaintiff thereupon made application for a writ of mandamus to the Judges of the District Court of Ramsey County, Second Judicial District, and its Clerk, requiring them to retain the case in the State Court for trial. On March 23, 1944, the Supreme Court of Minnesota discharged the writ and denied the relief prayed for. Following the Sonnesyn decision, it is the Court's opinion that actions commenced under the Fair Labor Standards Act are removable to the United States District Court. Hence plaintiff's motion to remand the action to the State Court should be denied.