934

CROUSE et al. v. NORTH AMERICAN AVIATION, INC. OF KANSAS.

Civ. No. 4441.

District Court, W. D. Missouri, Western Division.

Dec. 7, 1946.

Swofford, Jackson & Shankland, of Kansas City, Mo., for plaintiff.

Watson, Ess, Barnett, Whittaker & Marshall, and Carl E. Enggas, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

While in this case a motion to remand has not been filed, yet, because of decisions heretofore rendered in similar cases, it seems proper for the court of its own motion to take up the question of remanding the case.

The action is brought under paragraph (b) of Section 216, Title 29 U.S.C.A. It is there provided: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, * * *."

Unfortunately there are no controlling decisions from the Appellate Courts, but both in this district and many other districts, with negligible exceptions, the district judges have ruled that cases of this character brought under the above section are not removable. It was so held in Stewart v. Hickman, D. C., 36 F.Supp. 861. That case was remanded although both parties conceded the jurisdiction of the federal court. A motion for rehearing was filed in the Stewart-Hickman case, and upon further careful consideration there was an adherence to the original opinion and the case was sent back to the state court from which it was removed. The ruling in the Stewart-Hickman case was followed in Brockway v. Long, et al., D. C., 55 F.Supp. 79 by the writer.

The late Judge Otis reached the same conclusion in the case of Wingate v. General Auto Parts Co., D. C., 40 F.Supp. 364, and in Fredman v. Foley Bros., Inc., D. C., 50 F.Supp. 161. Both of these cases were carefully weighed by Judge Otis and it was his considered judgment that this court should not retain jurisdiction upon removal. He discussed the meaning of the word "maintain" as used in the statute and was of the opinion that the Congress intended that cases brought under the statute should not be removed from the state to the

federal court. The citations of Judge Otis with reference to the word "maintain" are approved and the following additional interpretations may be noted: In Vol. 26 Words and Phrases, Perm. Ed., p. 57, the general meaning of the words "to maintain" signifies a continuance of existence. It was so held in Child v. Washed Sand & Gravel Co., 181 Minn. 559, 233 N.W. 586, 587. In like manner, in a Nevada case, the word "maintained" as used in the statute was defined as comprehending the institution as well as the support of the action. National Mines Co. v. Sixth Judicial Dist. Court, in and for Humboldt County, 34 Nev. 67, 116 P. 996, 1000. The court construed an equivalent expression, "may maintain an action" as meaning that such action may be successfully maintained. Greentree v. Wallace, 77 Kan. 149, 93 P. '598, 599. And, in California, it was ruled that to maintain an action is not the same as to commence an action but implies that the action has been already commenced. The court said that "it signifies to support what has already been brought into existence." Roullard v. Gray, 38 Cal.App. 79, 175 P. 479, 480. It seems a reasonable construction of the statute that the Congress by using the words "action * * * may be maintained in any court of competent jurisdiction" intended that when an action was commenced or brought in a state court it could not be taken away from that court. It would be folly to clothe a state court with jurisdiction to determine matters and at the same time permit the removal of such cases to the federal court.

The district judges have considered the fact that in many cases the amount in controversy was within the jurisdiction of this court, and, at the same time, there was a diversity of citizenship. It is the view that the federal and state courts have original jurisdiction of the subject matter and the parties regardless of the amount in controversy and regardless of the question of diversity of citizenship. In other words, the federal court has jurisdiction to determine such cases even though the amount involved is less than $3,000 and the parties are residents of the same state, if the case is initially brought there.

The case most frequently cited and thoroughly approved by the judges is Booth v. Montgomery Ward Co., D. C., 44 F.Supp. 451. That opinion was written by Judge Delehant of the District of Nebraska. Judge Delehant very carefully went into the subject and exhaustively treated all questions involved. He reached the sound conclusion that such cases were not removable. This opinion has been followed by the judges in different parts of the country. In a concise, clear and logical opinion, Judge Jones, of the Northern District of Ohio, in the case of Kuligowski v. Hart, 43 F.Supp. 207, admirably stated the logic of the question when he said: "It would be a vain thing for Congress to provide that such actions as this could be maintained in any court of competent jurisdiction, only to permit the action so commenced to be removed to the Federal Court."

In the more recent case of Apple v. Shulman Publications, 65 F.Supp. 677, Judge Smith of the District of New Jersey cited with approval the opinions of this district and other districts on the subject of removal and reached the sound conclusion that the cases should not be removed. In his opinion he cited cases holding to the contrary, one being Owens v. Greenville News-Piedmont, D. C., 43 F.Supp. 785, where Judge Wyche of the Western District of South Carolina was of the opinion that the cases were removable if the amount in controversy was adequate and if there was a diversity of citizenship. It was his opinion that the removal statute applied with full vigor to cases of this kind. He also called attention to the case of Robertson v. Argus Hosiery Mills, Inc., 6 Cir., 121 F.2d 285. In the latter case Judge Allen reversed the trial judge for dismissing an action originally brought in the federal court. The trial judge dismissed the case because the amount in controversy was below $3,000 (D. C., 32 F.Supp. 19). The question of removal was not discussed by the Court of Appeals in the Robertson case.

The case of Mid-Continent Pipe Line Co. v. Hargrave, 129 F.2d 655, is not opposed in principle to the views hereinbefore expressed. Judge Bratton of the Tenth Circuit Court of Appeals wrote the opinion,

and was careful to say: (129 F.2d loc. cit. 659),

"State and federal courts are vested with concurrent jurisdiction of suits of a civil nature arising under the laws of the United States, except where Congress has expressly limited jurisdiction to the federal courts."

And that:

"In the absence of such an express limitation, a state court of general jurisdiction will enforce a right of civil recovery arising under an act of Congress and susceptible of adjudication conformably to the prevailing rules of procedure."

Judge Bratton did not comment on the circumstance that that case had apparently been removed from a state court. The case was decided on its merits on the theory that the federal court did have jurisdiction. Other questions absorbed the attention of the court.

In view of the prevailing judgments of the several district judges, including the judges of this district, that cases of this character are not removable, it seems proper that this case should be sent back to the court from which removed, and it will be so ordered.