McGUIRE et al. v. NORTH AMERICAN AVIATION, Inc., OF KANSAS.

No. 4398.

District Court, W. D. Missouri, W. D.

Dec. 17, 1946.

Thomas B. Phillips and Swofford, Jackson & Shankland, all of Kansas City, Mo., for plaintiffs.

Carl E. Enggas and Watson, Ess, Barnett, Whittaker & Marshall, all of Kansas City, Mo., for defendant.

RIDGE, District Judge.

■ It is the rule of this District Court that an action instituted in a state court under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, to recover overtime compensation is not removable from such state court to this court. Stewart v. Hickman, D.C., 36 F.Supp. 861; Wingate v. General Auto Parts Co., D.C., 40 F.Supp. 364; Fredman v. Foley Bros., Inc., D.C., 50 F.Supp. 161; Brockway v. Long et al., D.C., 55 F.Supp. 79; Crouse et al. v. North American Aviation Co., D.C., 68 F.Supp. 934 (Reeves, J.).

The instant action, removed from the Circuit Court of Jackson County, is companion to the case of Crouse et al. v. North American Aviation, Inc., supra, in which Judge Reeves of his own motion considered the removability of said action and concluded that the same should be remanded to the state court from whence it came.

■ There are no controlling decisions in appellate courts concerning the removability of actions instituted under the Fair Labor Standards Act, supra. So long as the rule laid down in previous decisions of this District Court concerning the question of removability here considered remains uncontrolled by higher authority, the rule of stare decisis demands that causes instituted in a state court under the Fair Labor Standards Act and attempted to be removed to this court should be remanded to the court from whence they were so attempted to be removed. Uniformity of practice and decisions of this District Court control the action of this court in retaining jurisdiction of this cause by removal. This notwithstanding that the parties may have agreed between themselves that this court retain jurisdiction of this cause.

■ As pointed out in the decisions, supra, Congress under the Fair Labor Standards Act gave to the courts of the several states concurrent jurisdiction with federal courts to hear and determine actions arising by virtue of the provisions of said Act. Where an action has been instituted under said Act in the state court and the state court has assumed jurisdiction over said cause, the parties should not by agreement made in some other court be permitted to oust the state court of jurisdiction it has so rightfully assumed. Comity demands that the jurisdiction of the state courts within their sphere be regarded and respected by this court as sacredly as this court protects its own jurisdiction. The jurisdiction of the state court should not be permitted to be frittered away by any conduct of the parties to an action, who are

amenable to its jurisdiction, without the consent or affirmative action on the part of the state court. In the case at bar the state court was not ousted of its jurisdiction over this cause by the removal proceedings here instituted. Its jurisdiction should not be so ousted without its consent, even though the parties agree otherwise.

In view of the foregoing, this cause is remanded to the state court from whence it was improperly removed.

It is so ordered.