## JOHNSON v. BUTLER BROS.
### No. 13490.

Circuit Court of Appeals. Eighth Circuit.
June 11, 1947.

C. A. Ryan, of Brainerd, Minn. (Ryan, Ryan & Ryan, of Brainerd, Minn., on the brief), for appellant.

Edgar G. Vaughan, of St. Paul, Minn. (Pierce Butler and Doherty, Rumble, Butler & Mitchell, all of St. Paul, Minn., on the brief), for appellee.

William S. Tyson, Sol., U. S. Department of Labor, and Bessie Margolin, Asst. Sol., both of Washington, D. C., James M. Miller, Regional Atty., of Minneapolis, Minn., and Morton Liftin and Eugene Green, Attys., U. S. Department of Labor, both of Washington, D. C., for Administrator of the Wage and Hour Division, United States Department of Labor, as amicus curiae.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

88

SANBORN, Circuit Judge.

The plaintiff (appellant) brought this action under § 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1069, 29 U.S.C.A. § 216(b), in the District Court of Crow Wing County, Minnesota, to recover from the defendant (appellee) $385.26 of overtime compensation, together with liquidated damages and attorneys' fees. The defendant filed a petition for removal of the case to the United States District Court. The state court ruled that the case was not removable, and denied the petition. The defendant, nevertheless, removed the case (see Metropolitan Casualty Insurance Co. v. Stevens, 312 U.S. 563, 567, 61 S.Ct. 715, 85 L.Ed. 1044) and procured from the United States District Court an ex parte order enjoining the plaintiff and his counsel from proceeding in the state court. The plaintiff moved the federal court to remand the case. His motion was denied. He then filed a motion to dissolve the injunction. The motion was dismissed. This appeal is from the order of dismissal.

An interlocutory order refusing to dissolve an injunction is appealable. 28 U.S.C.A. § 227. When a federal court refuses to remand a case removed from a state court, and enjoins proceedings in that court, the question of removability can be raised by an appeal from the interlocutory injunction [1] or from an order refusing to dissolve it.

The plaintiff contends that, by the terms of the Fair Labor Standards Act, he is entitled to maintain his action to final judgment in the state court in which it was brought, and that the United States District Court erred in refusing to dissolve its interlocutory injunction restraining him from so doing.

Section 16(b) of the Act, 52 Stat. 1069, 29 U.S.C.A. § 216(b), provides as follows:

"Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The right of action created by the Act, being one which arises under a law regulating commerce, may be enforced in a federal district court, regardless of the amount in controversy or of the citizenship of the parties. 28 U.S.C.A. § 41(8). [2] The right may also be enforced in a state court of competent jurisdiction. See State of Missouri ex rel. St. Louis, Brownsville & Mexico Railway Co. v. Taylor, 266 U.S. 200, 208, 45 S.Ct. 47, 69 L.Ed. 247, 42 A. L.R. 1232. The District Court of Crow Wing County, Minnesota, is unquestionably a court of competent jurisdiction.

If Congress had omitted from § 16(b) of the Act the words "in any court of competent jurisdiction," we think the right of the defendant to remove this case to the federal court could not successfully be challenged. Title 28 U.S.C.A. § 71, authorizes the removal of a "suit of a civil nature * * *, arising under the * * * laws of the United States * * *, of which the district courts of the United States are given original jurisdiction * * *."

The doubtful question presented is whether Congress, in providing that the right of action created by the Act "may be main-

[1] Young v. Southern Pacific Co., 2 Cir., 15 F.2d 280, 281; Cray, McFawn & Co. v. Hegarty, Conroy & Co., Inc., 2 Cir., 85 F.2d 516, 518; Morgan v. Kroger Grocery & Baking Co., 8 Cir., 96 F.2d 470, 472; Borden Co. v. Zumwalt, 9 Cir., 120 F.2d 69, 71; Albi v. Street & Smith Publications, Inc., 9 Cir., 140 F. 2d 310, 311.

[2] Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285, 286, 287, certiorari denied 314 U.S. 681, 62 S.Ct. 181, 86 L.Ed. 544; Williams v. Jacksonville Terminal Co., 315 U.S. 386, 390, 62 S.Ct. 659, 86 L.Ed. 914.

tained in any court of competent jurisdiction," intended that an action, if brought in the state court, could be maintained there to final judgment, or intended merely that the action might be maintained in the state court if the defendant saw fit not to remove it. This question as to the intent of Congress has given the federal district courts much difficulty. The result is that in some districts cases such as this may be removed and in other districts they may not be removed.[3] For this unfortunate situation the courts are not to blame. It is attributable to the failure of Congress clearly and accurately to express its intent. "To maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action. * * * Maintain, however, is applied to actions already brought, but not yet reduced to judgment * * *. In this connection it means to continue or preserve [persevere] in or with; to carry on. * * *" Black's Law Dictionary, 3rd Ed., 1143. The usual dictionary definition of the word "maintain" is: "To keep up or carry on (as, to maintain an action or undertaking); persevere in; prosecute; also, to keep in existence or continuance * * *."

There can be no just criticism of those courts which have concluded that the language used by Congress was inadequate to disclose a clear intent that actions brought in a state court under the Act should not be removable. However, it is our opinion that Congress, in providing that an "action to recover such liability may be maintained in any court of competent jurisdiction * * *" and that "The court in such action shall, in addition to any judgment awarded to the plaintiff * * *, allow a reasonable attorney's fee * * * and costs * * *," intended not only that the action might be commenced in any court of competent jurisdiction, but that it could be prosecuted to final judgment in the court in which it was commenced. If that was not the intention of Congress, the words "may be maintained in any court of competent jurisdiction" merely state a truism and are surplusage.

We think that the rational construction of § 16(b) is that contended for by the plaintiff and that it does no violence to the removal statute. If Congress intended, as we think it did, that cases such as this should not be subject to removal, they are excepted from the effect of the removal statute, which is neither impaired nor repealed with respect to cases which properly come within its purview.

There was nothing in the practical situation with which Congress was confronted when it enacted the statute in question which would negative an intent on its part to permit an employee to enforce his right of action in his local state courts. There are many obvious practical considera-

---

[3] Reported federal cases denying removability: Stewart v. Hickman, D.C.W.D.Mo., 36 F.Supp. 861; Wingate v. General Auto Parts Co., D.C.W.D.Mo., 40 F.Supp. 364; Phillips v. Pucci, D.C.W.D.Mo., 43 F.Supp. 253; Fredman v. Foley Bros., Inc., D.C.W.D.Mo., 50 F.Supp. 161; Brockway v. Long, D.C.W.D.Mo., 55 F.Supp. 79; Wright v. Long, D.C.W.D.Mo., 65 F.Supp. 279; Adams v. Long, D.C.W.D.Mo., 65 F.Supp. 310; Young v. Arbyrd Compress Co., D.C.E.D.Mo., 66 F.Supp. 241; Crouse v. North American Aviation, Inc., D.C.W.D.Mo., 68 F.Supp. 934; McGuire v. North American Aviation, Inc., D.C.W.D.Mo., 69 F.Supp. 917; Smith v. Day & Zimmerman, Inc., D.C.S.D.Iowa, 65 F.Supp. 209; Booth v. Montgomery Ward & Co., D.C.D.Neb., 44 F.Supp. 451; Kuligowski v. Hart, D.C.N.D. Ohio, 43 F.Supp. 207; Garner v. Mengel Co., D.C.W.D.Ky., 50 F.Supp. 794; Brantley v. Augusta Ice & Coal Co., D.C.S.D.Ga., 52 F.Supp. 158; Sheridan v. Leitner, D.C.S.D.N.Y., 59 F.Supp. 1011; Steiner v. Pleasantville Constructors, Inc., D.C.S.D.N.Y., 59 F.Supp. 1011; Tobin v. Hercules Powder Co., D.C.D.Del., 63 F.Supp. 434; Apple v. Shulman Publications, Inc., D.C.D.N.J., 65 F.Supp. 677.

Reported federal cases sustaining removability: Sonnesyn v. Federal Cartridge Co., D.C.D.Minn., 54 F.Supp. 29; Koskala v. Butler Brothers, D.C.D.Minn., 65 F.Supp. 276; Ricciardi v. Lazzara Baking Corporation, D.C.D.N.J., 32 F.Supp. 956; Owens v. Greenville News-Piedmont, D.C.W.D.S.C., 43 F.Supp. 785; McGarrigle v. 11 West Forty-Second Street Corp., D.C.S.D.N.Y., 48 F.Supp. 710; Harris v. Reno Oil Co., D.C.N.D.Tex., 48 F.Supp. 908; Cox v. Gatliff Coal Co., D.C.E.D.Ky., 52 F.Supp. 482; Ellems v. Nick F. Helmers, Inc., D.C.E.D.N.Y., 65 F.Supp. 566.

tions which can be urged in support of the probable existence of such a Congressional intent.[4]

■ Our conclusion is that the plaintiff has the right to prosecute his action to final judgment in the District Court of Crow Wing County, Minnesota, and that the United States District Court erred in preventing him from so doing.

The order appealed from is reversed, and the court is directed to remand the case to the state court from which it was removed.

---

[4] Wingate v. General Auto Parts Co., D.C.W.D.Mo., 40 F.Supp. 364, 365; Booth v. Montgomery Ward & Co., D. C.D.Neb., 44 F.Supp. 451, 455, 456.