### MALOY v. FRIEDMAN.

Civil Action No. 5953.

United States District Court

N. D. Ohio, W. D.

Sept. 17, 1948.

Carpenter & Carpenter, of Tiffin, Ohio, and Young & Young, of Norwalk, Ohio, for plaintiff.

Frick & Peters, of Tiffin, Ohio, and Mattimoe & Mahoney, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

This matter is before the Court upon motion to remand. The motion is based upon the ground that, under the Fair Labor Standards Act of 1938, § 16(b), 29 U.S. C.A. § 216(b), Judicial Code, 28 U.S.C.A., the State Court has jurisdiction and the action is not removable. In support, counsel for plaintiff cite Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, which so holds.

Counsel on the other side contend the question has been decided in this Court to the contrary in the case of Fellabaum v. Swift & Co., No. 4683, in 1941 in which the motion to remand was denied without opinion. Id., 54 F.Supp. 353.

There has been a good deal of difference of opinion in the Courts on this question.

The decision hinges upon the construction of the language in the Act that the action may be "maintained in any court of competent jurisdiction." The only Court of Appeals opinion that has been cited or that we can find is the Johnson v. Butler case, supra [162 F.2d 89]. In that case, the Court said in 162 F.2d at page 89:

"There can be no just criticism of those courts which have concluded that the language used by Congress was inadequate to disclose a clear intent that actions brought in a state court under the Act should not be removable. However, it is our opinion that Congress, in providing that an 'action to recover such liability may be maintained in any court of competent jurisdiction * * * *' and that 'The court in such action shall, in addition to any judgment awarded to the plaintiff * * *, allow a reasonable attorney's fee * * * and costs * * *,' intended not only that the action, might be commenced in any court of competent jurisdiction, but that it could be prosecuted to final judgment in the court in which it was commenced. If that was not the intention of Congress, the words 'may be maintained in any court of competent jurisdiction' merely state a truism and are surplusage.

"We think that the rational construction of § 16(b) is that contended for by the plaintiff and that it does no violence to the removal statute. If Congress intended, as we think it did, that cases such as this should not be subject to removal, they are excepted from the effect of the removal statute, which is neither impaired nor repealed with respect to cases which properly come within its purview.

"There was nothing in the practical situation with which Congress was confronted when it enacted the statute in question which would negative an intent on its part to permit an employee to enforce his right of action in his local state courts. There are many obvious practical considerations which can be urged in support of the probable existence of such a Congressional intent."

The Court discussed the law at some length and in the footnotes cited cases pro and con, listing 19 cases in nine states denying removability and 8 cases in six states sustaining the right to remove. Cases on both sides are listed in Kentucky, New York and New Jersey.

In the case of Garner v. Mengel Co., D.C.W.D.Ky.,1943, 50 F.Supp. 794, 795, it was held:

"Where question of remand is doubtful, doubt should be resolved in favor of remanding the action to the state court. Jud. Code § 28, 28 U.S.C.A. § 71.

"An employee's action to recover unpaid wages and liquidated damages under Fair Labor Standards Act, which had been commenced in state court, would be remanded to state court in view of doubt as to whether provision of act that action to recover liability may be 'maintained' in any court of competent jurisdiction prohibits removal of such action to District Court. Fair Labor Standards Act of 1938, § 16, 29 U.S.C.A. § 216; Jud.Code §§ 24(1, 8), 28, 28 U.S.C.A. §§ 41(1, 8), 71.

"To 'maintain' a suit is to uphold, continue on foot, and keep from collapse a suit already begun. The word 'maintain' means to continue or persevere in or with; to carry on; as to maintain an attack, a correspondence, a legal action. To hold or keep in any particular state or condition, especially in a state of efficiency or validity; to support, sustain or uphold; to keep up; not to suffer to fall or decline; as to maintain a certain degree of heat in a furnace; to maintain a fence, health, peace, one's reputation."

This case was decided by Judge Miller, now of the Court of Appeals of this Circuit. He discussed the contentions in the case, stating:

"* * * Plaintiff contends that the provision of Section 16 of the Act, which provides that the action 'may be maintained in any court of competent jurisdiction' prevents such removal, in that the word 'maintained' means more than commence and includes the element of continuing with to a conclusion. He points out that since the action as originally filed in the Fulton Circuit Court was in a court of competent jurisdiction, it will not be 'maintained' in that court if the defendant is permitted to remove it to the United States District Court.

"The question presented has been passed upon by a number of district courts. * * *"

The Court refers to cases on both sides of the question, and states that the conflicting views or supporting reasons were stated at some length in the case of Owens v. Greenville News–Piedmont, D.C.W.D.S.C., Wyche, J., 43 F.Supp. 785, and Booth v. Montgomery Ward & Co., D.C.Neb., Delehant, J., 44 F.Supp. 451, which made it unnecessary to review them in his opinion.

The Court concludes as follows:

"This Court feels that there is strong support for each viewpoint. The Supreme Court of the United States has twice held in construing the word 'maintained' in a Federal statute that 'to maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun.' Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152; George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L. Ed. 1265. It has also been held in the following cases that there is a well defined distinction between beginning and maintaining an action and that using the words in their ordinary significance 'maintain' carries a different meaning from 'institute' or 'begin,' and implies that an action must be begun before it can be maintained: In re Charles Nelson Co., D.C., 294 F. 926, 928; Carson-Rand Co. v. Stern, 129 Mo. 381, 31 S.W. 772, 32 L.R.A. 420; National Fertilizer Co. v. Fall River Five Cent Savings Bank, 196 Mass. 458, 82 N.E. 671, 14 L.R.A., N.S., 561; 13 Ann.Cas. 510; Roullard v. Gray, 38 Cal.App. 79, 175 P. 479; Friel v. Alewel, 318 Mo. 1, 298 S.W. 762, 764. These decisions have for their support the generally accepted meaning of the word 'maintain,' which is defined by Webster's Dictionary as 'To continue or persevere in or with; to carry on; as to maintain an attack, a correspondence, a legal action. * * * To hold or keep in any particular state or condition, esp. in a state of efficiency or validity; to support, sustain or uphold; to keep up; not to suffer to fall or decline;

as to maintain a certain degree of heat in a furnace; to maintain a fence, health, peace, one's reputation.' On the other hand, the word 'maintain' is frequently used synonymously with commence or begin, and we are also met with the well understood legal principle that a partial repeal of the removal statute by implication is not to be favored. Under these conditions the Court feels that it is a proper place to apply the rule which has been stated by the Court of Appeals for this Circuit that where the question of remand is doubtful the doubt should be resolved in favor of remanding the action to the State court. Breymann v. Pennsylvania O. & D. R. Co., 6 Cir., 38 F.2d 209. See also Siler v. Morgan Motor Co., D. C.E.D.Ky., 15 F.Supp. 468; Western Union Telegraph Co. v. Louisville & N. R. Co., D. C.E.D.Tenn., 201 F. 932, 945; McCaffrey v. Wilson & Co., D.C.Mass., 10 F.2d 368. This ruling also has the support of a prior ruling to the same effect by one of the Judges of the Circuit Court of Appeals for this Circuit sitting as District Judge by designation, in action No. 105, Marion Honer v. the Federal Materials Co. (W.D.Ky.) Paducah Division.[1]"

■ It would seem that the weight of authority at this time supports the view that the State Court has jurisdiction in this case and that, therefore, the action is not removable and the motion to remand should be sustained. See Note in 172 A.L.R. 1164.

■ While the plaintiff, after the filing of the petition to remove and before the allowance of the same in the State Court, filed an amended petition reducing the amount of the claim to below $3,000, the law appears to be that the right of action created by the Act, being one which arises under a law regulating commerce, may be enforced in a Federal Court, as well as in a State Court of competent jurisdiction, regardless of the amount in controversy or of the citizenship of the parties. Johnson v. Butler Bros., supra; Robertson v. Argus Hosiery Mills, 6 Cir., 1941, 121 F.2d 285.

---

[1] No opinion for publication.