**Alfred J. LEMAY, Plaintiff,**

v.

**BUDGET RENT A CAR SYSTEMS, INC., Defendant.**

**No. 97–381–CIV–ORL–22.**

United States District Court, M.D. Florida, Orlando Division.

July 9, 1997.

Carol Swanson, Orlando, FL, for Plaintiff.

Elizabeth P. Johnson, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, FL, for Defendant.

### ORDER

CONWAY, District Judge.

This cause comes before the Court for consideration of a motion to remand (Dkt.8) filed by plaintiff, Alfred J. Lemay ("Lemay").

Lemay originally filed his two count complaint in state court on December 19, 1996. In count I, Lemay claims a violation of 29

U.S.C. § 623(a)(1), the Age Discrimination in Employment Act ("ADEA"). (Dkt. 2 at 5). Count II alleges that the Defendant, Budget Rent a Car ("Budget"), is liable for age discrimination under Fla.Stat. § 760.01 et seq., the Florida Civil Rights Act of 1992 ("FCRA"). (Dkt. 2 at 8). Budget removed the action to this Court pursuant to 28 U.S.C. § 1331, invoking federal question jurisdiction by virtue of the ADEA claim. Additionally, Budget asserts that 28 U.S.C. § 1367 gives the Court supplemental jurisdiction over the FCRA claim. Lemay moves to remand this case to State court claiming that since he filed his complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, this action cannot be removed to this Court. (Dkt. 8 at 2). The Court agrees that both the ADEA claim and the FCRA claim should be remanded to state court.

### Analysis

#### I. The ADEA Claim

In enacting the ADEA, 29 U.S.C. §§ 621–634, Congress expressly adopted certain provisions of the FLSA, 29 U.S.C. §§ 201–219. Section 626(b) of the ADEA states

> The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection © of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title.

29 U.S.C. § 626(b). It is evident, at least in regards to the above mentioned sections, that the FLSA is meant to govern certain aspects of the ADEA. See also H.R.Rep. No. 805 (1967), reprinted in 1967 U.S.C.C.A.N. 2213, 2222. Specifically, in compliance with § 626(b) of the ADEA, the court must turn to § 216 of the FLSA in evaluating the removability of an ADEA claim. Thus, it follows that a finding regarding removability based on § 216 of the FLSA governs the removability of an ADEA claim.

The Court notes that there is considerable disagreement concerning the removability of FLSA claims.[1] In the absence of

---

1. Compare Johnson v. Butler Bros., 162 F.2d 87     (8th Cir.1947), Pauly v. Eagle Point Software Co.,

any Eleventh Circuit or Supreme Court decisions concerning this issue, the Court holds that FLSA claims are not removable to Federal court. Because FLSA claims are not removable, it follows that ADEA claims also are not removable.[2]

In *Johnson*, the Eighth Circuit held that FLSA claims are not removable to Federal court. *Johnson*, 162 F.2d at 88-9. *Johnson* has been criticized because it was decided prior to a 1948 amendment to the removal statute, which states that "[e]xcept as otherwise *expressly provided* by Act of Congress, any civil action ... may be removed by the defendant[.]" 28 U.S.C. § 1441(a). *See Cosme Nieves*, 786 F.2d at 451 (criticizing *Johnson*). However, the *Pauly* court persuasively states that the fact that *Johnson* was decided prior to the 1948 amendment "cannot overcome the more fundamental point ... that the Johnson court issued an express *holding* on the question of Congress's intent under the FLSA." *Pauly*, 958 F.Supp. at 438-9. *Johnson* has not been overruled and remains good law.

Regardless of the *Johnson* decision, the language of § 216 of the FLSA, stating that "[a]n action ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction," does expressly provide that FLSA claims are not removable. 29 U.S.C. § 216. *See Haun v. Retail Credit Co.*, 420 F.Supp. at 862. The court in *Haun* points to the phrase "may be maintained" in § 216 as demonstrating that FLSA claims are not removable. *Haun*, 420 F.Supp. at 862. While comparing the Fair Credit Reporting Act ("FCRA") to the FLSA, the *Haun* court concluded that

"[w]hen Congress used the word 'maintain' [in the FLSA], it intended to create an express exception to the removal statute." *Id.* See also *Bintrim*, 520 F.Supp. at 1027 (citing *Haun*).[3] Other courts have similarly interpreted the phrase "may be maintained" in § 216 of the FLSA as expressly barring removal. *Johnson*, 162 F.2d at 88-89; *Pauly*, 958 F.Supp. at 438-39 (following *Johnson*).

Confirming the meaning of § 216, a 1958 Senate report states,

> [i]n the Jones Act, the *Fair Labor Standards Act,* and the Railway Employers' Liability Act, all of which are in the nature of workmen's compensation cases, the Congress has given the workmen the option of filing his case in either the State court or Federal court. If filed in the State courts the law prohibits removal to the Federal court.

S.Rep. No. 1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3106. Budget contends that the Senate report is irrelevant because it deals with diversity jurisdiction. (Dkt. 11 at 6). While it may be true that the report addresses diversity concerns, it does not alter the fact that the report clearly states that if an FLSA action is filed in State court, "the law prohibits removal to the Federal Court." *Id.* The court in *Wilkins* concluded that "the Senate Report leaves no room for doubt that the Congress, which creates and delineates the jurisdiction of federal district courts, thought that the Johnson case correctly stated the law [that FLSA claims are not removable]." *Wilkins*, 227 F.Supp. at 648.

Aside from the Senate report and textual reasons barring removal of FLSA claims, the

Inc., 958 F.Supp. 437 (N.D.Iowa 1997), *Bintrim v. Bruce–Merilees Electronic Co.*, 520 F.Supp. 1026 (W.D.Pa.1981), *Haun v. Retail Credit Co.*, 420 F.Supp. 859 (W.D.Pa.1976), *Carter v. Hill and Hill Truck Line Inc.*, 259 F.Supp. 429 (S.D.Tex.1966), *and Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647 (N.D.Tex.1964) *with Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir.1988), *Cosme Nieves v. Deshler*, 786 F.2d 445 (1st Cir.1986), *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17 (W.D.Ky.1993), *Nesbitt v. Bun Basket, Inc.*, 780 F.Supp. 1151 (W.D.Mich.1991), *and Taylor v. Brown* 461 F.Supp. 559 (E.D.Tenn.1978).

**2.** The Court recognizes that the Fifth Circuit has held that ADEA claims are removable. *Baldwin*

*v. Sears, Roebuck and Co.*, 667 F.2d 458, 460–61 (5th Cir.1982) However for reasons stated herein, the Court respectfully disagrees.

**3.** As the *Haun* court points out, instead of "maintained," Congress could have chosen to use the word "brought" which has a decidedly different meaning. *Haun*, 420 F.Supp. at 862, Black's Law Dictionary defines "maintained" as "carried on; kept possession and care of; kept effectively; commenced and continued," clearly indicating that by using the word "maintained, Congress expressly provided that an FLSA claim be continued in the same court in which it was commenced. BLACK'S LAW DICTIONARY 953 (6th ed.1990)."

court in *Wilkins* concisely stated an important policy reason against removing FLSA claims.

Where the employee commences such a suit in a State court far removed from the nearest federal court the cost of travel and subsistence of the claimant, his witnesses and attorneys, would amount to a denial of the very cause of action conferred by Congress in Section 216(b).

*Id. See also Carter,* 259 F.Supp. at 430 (following *Wilkins* ). While in the instant case the state courthouse is close, this Court hears many cases from distant counties where this policy would apply.

In addition to possible distance concerns discussed in *Wilkins,* plaintiffs must confront this Court's congested docket. The fact that this Court's case load is one of the country's highest in both civil and criminal cases, combined with the fact that criminal cases have priority in federal court, makes resolving a civil claim in this Court a lengthy process. Alternatively, state court judges assigned to the civil division hear only civil cases and can proceed with a claim more rapidly.

While the plaintiff might want to stay in state court just because of the significant time difference in resolving their claim, the plaintiff's lawyer may also be more familiar with state court practice. Additionally, proceeding in federal court is more expensive than continuing in state court. A plaintiff may want to avoid federal court because of the additional expense involved.

Because FLSA claims are not removable, it follows that ADEA claims are not removable. Section 626(b) of the ADEA adopts § 216 of the FLSA. By stating that a claim "may be maintained" in State court, § 216 of the FLSA expressly provides that claims are not removable. The Senate report and policy reasons stated above also counsel against allowing removal in FLSA cases. Accordingly, in compliance with § 626(b), the Court holds that ADEA cases are not removable and returns the ADEA claim to state court.[4]

## II. *The FCRA Claim*

■ Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state FCRA claim. Section 1367(c)(3) states that "district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). It is early in the case and the federal ADEA claim has been remanded to state court. The Court does not have original jurisdiction over the state FCRA claim. Therefore, the FCRA claim is also remanded to state court.

## III. *Failure to Comply with Local Rule 3.01(g)*

Local Rule 3.01(g) states,

[b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving counsel has conferred with opposing counsel and that counsel have been unable to agree on the resolution of the motion.

Lemay has not filed a statement certifying that he conferred with Budget's counsel before filing the instant motion. Additionally, Budget represents that no such conference occurred. (Dkt. 11 at 7). Lemay is warned that failure to comply with the Local Rules could result in the denial of future motions.

Based on the foregoing, it is ordered as follows:

1. Plaintiff's Motion to Remand (Dkt.8), filed April 30, 1997, is GRANTED.

2. This case, including both Count I and Count II of Plaintiff's Complaint (Dkt. 2 at 5 & 7), is REMANDED to the Circuit Court of

---

**4.** Additionally, the Court can find no evidence in the record that Lemay has satisfied 29 U.S.C. § 633(b). Failure to comply with § 633(b) could result in the dismissal of Lemay's claim. *See Smith v. General Scanning, Inc.,* 832 F.2d 96, 99 n. 3 (7th Cir.1987).

the Ninth Judicial Circuit, for Orange County, Florida, case number 96–9861–DIV 39.