Krystal BROWN, et al., Plaintiffs,

v.

Ray SASSER, et al., Defendants.

No. CIV. A. 00–T–1467–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Dec. 21, 2000.

William O. Walton, III, Matthew W. White, Walker, Hill, Adams, Umbach, Meadows & Walton, Opelika, AL, for Plaintiffs.

Wesley C. Redmond, Frank S. James, III, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiffs originally filed this lawsuit in state court asserting multiple state-law claims and one federal claim under the Fair Labor Standards Act of 1938 (commonly known as the FLSA), 29 U.S.C.A. §§ 201–219. Defendants filed a timely notice of removal to this federal court pursuant to 28 U.S.C.A. § 1441. Currently before the court is plaintiffs' motion to remand pursuant to 28 U.S.C.A. § 1447(c). Plaintiffs raise two grounds for remand: (1) that the FLSA requires this court to respect their choice of a state-court forum; and (2) that defendants waived their right to removal by proceeding in state court before removing to federal court. The court is not persuaded by either of these arguments and, accordingly, plaintiffs' motion will be denied.

## FLSA

Plaintiffs raise an issue which has caused considerable disagreement among the federal courts: are defendants barred from removing to federal court a claim brought in state court under the FLSA?[1] The FLSA states, in part, that an action brought under it "may be maintained ... in any federal or state court of competent jurisdiction." The disagreement stems from the ambiguity of the word "maintained." 29 U.S.C.A. § 216(b). Plaintiffs argue that the word "maintain" implies that parties bringing suits under the statute are entitled to litigate their claim to its conclusion in their forum of choice. Thus, if a plaintiff brings suit in state court, removal to federal court would violate the statute. As authority for this proposition, plaintiffs, along with most courts denying removal, rely on a 1947 appellate opinion, *Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir.1947). The *Johnson* court noted that the intent of Congress was not clear, but concluded nonetheless that by including language that the action be "maintained" in any court of competent jurisdiction and by instructing courts to award reasonable attorney's fees and costs in suits under the FLSA, Congress "intended not only that the action might be commenced in any court of competent jurisdiction, but that it could be prosecuted to final judgment in the court in which it was commenced." *Id.* at 89.

One year after *Johnson,* Congress amended the general federal removal statute to state in part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C.A. § 1441(a). Section 1441 makes clear that removal of any civil action over which the federal district courts have original jurisdiction is allowed unless (1) expressly provided otherwise by (2) an act of Congress. Neither condition is met by the FLSA, and the First Circuit

---

1. For a review of the numerous conflicting decisions on this point, see 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3729 at 233–34 nn. 78–79 (3rd ed.1998).

Court of Appeals so held in *Cosme Nieves v. Deshler*, 786 F.2d 445, 451 (1st Cir.1986).

The ambiguity of Congress's use of "maintain" is self-evident. That "maintain" can be interpreted to suggest congressional intent to bar removal falls short of the standard set in § 1441 that a bar on removal must be "expressly provided." *See, e.g., Cosme Nieves*, 786 F.2d at 451 (holding that Congress would have used express terms, not ambiguous ones like "maintain," if its intent were to prevent removal of cases under the FSLA).

There is also no "Act of Congress" which bars removal of cases under the FLSA. Plaintiffs draw the court's attention to language from a 1958 Senate report which states,

> "In the Jones Act, the Fair Labor Standards Act, and the Railway Employers' Liability Act, all of which are in the nature of workmen's compensation cases, the Congress has given the workmen the option filing his case in either the State court or Federal court. If filed in the State courts the law prohibits removal to the Federal court."

S.Rep. No. 1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3009, 3106. This language is unavailing for two reasons. First, this report addressed a proposed amendment to 28 U.S.C.A. § 1445 (making state workers' compensation cases and other specifically named cases non-removable), not § 1441 or the FLSA. *See Cosme Nieves*, 786 F.2d at 451 n. 18. Second, even if this report were authoritative as to the interpretation of the FLSA, and in particular § 216(b), it is not an "Act of Congress" as required by the plain language of § 1441. Thus, nothing in the FLSA, and in particular § 216(b), supports plaintiffs' interpretation.

■ This result is consistent with the only Eleventh Circuit Court of Appeals

decision to discuss this matter. In the context of holding that cases under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681, may be removed to federal court, the Eleventh Circuit in *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998), noted that it was at best "arguable" that cases under the FLSA could not be removed from state court. The *Lockard* court neither had the issue directly before it nor spoke definitely on it. In light of the reasons stated above, and the fact that Congress has not seen necessary in the 52 years since § 1441 was revised to "expressly provide" that removal of a case under the FLSA is improper, this court finds the argument settled: cases under the FLSA may be properly removed to federal court.[2]

## WAIVER

■ Plaintiffs' second ground for remand is that the defendants waived their right to remove to federal court because they manifested an intent to litigate in state court. As evidence of this intent, plaintiffs note that, before they filed their removal petition, defendants filed an answer with affirmative defenses, a motion for a more definite statement, interrogatories, and requests for production of documents, all in state court. Assuming that a defendant can waive his right to remove despite having fully satisfied the statutory requirements for removal (an issue the court need not resolve), these acts are insufficient to establish waiver of defendants' right to remove under § 1441.

To determine the existence of a waiver, the court must examine "whether the actions taken by the defendant in state court were for the purpose of preserving the status quo," or whether they manifested "an intent to litigate on the merits in state

---

2. The court recognizes that this outcome is at odds with the recent decision of another district court in the Eleventh Circuit, *Lemay v. Budget Rent A Car Systems, Inc.*, 993 F.Supp. 1448 (M.D.Fla.1997), which held that a claim under the Age Discrimination in Employment Act, 29 U.S.C.A. § 623(2)(1), which is gov-

erned in relevant aspects by the interpretation of the FLSA, was improperly removed from state court based on the language of § 216(b). This court believes that the *Lemay* court's reliance on *Johnson* and the legislative history discussed above is erroneous, and respectfully disagrees with its conclusion.

court."[3] *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414, 416 (M.D.Ala.1999); *see also Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir.1989) (The "right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits."). Defendants' acts must express "clear and unequivocal intent to waive the right to remove." *Id.* Here, nothing defendants have done to this point in the litigation demonstrates such intent. *See Miami Herald Pub. Co. Div. of Knight–Ridder Newspapers, Inc. v. Ferre*, 606 F.Supp. 122 (S.D.Fla.1984) (filing answer and affirmative defenses not clear intent to waive removal rights); *Rose v. Giamatti*, 721 F.Supp. 906, 922 (S.D.Ohio 1989) (no clear intent to litigate in state court where defendant sought discovery for an appeal of a temporary restraining order). Filing an answer with affirmative defenses and making discovery requests are preliminary actions in a lawsuit, not at all comparable to the sort of dispositive motion addressing the merits of a case that arguably might most clearly demonstrate an intent to litigate. *See Fain v. Biltmore Securities, Inc.*, 166 F.R.D. 39, 42 (M.D.Ala.1996).

Accordingly, for the reasons set forth above, it is ORDERED that plaintiffs' motion for remand, filed November 27, 2000, is denied.

---

3. Waiver might also exist where the facts indicate that removal is, in effect, an appeal from an adverse state court judgment. *Haynes,* 184 F.R.D. at 416. Such grounds are clearly not present at this stage of the litigation.